# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TANICIA DANIELLE WHITELEY, | Case No. 3:21-cv-00191-CLB |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM** |
| v. | |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | [ECF Nos. 20, 23] |
| Defendant. | |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Tanicia Danielle Whiteley's ("Whiteley") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Whiteley's motion for reversal and remand. (ECF No. 20.) The Commissioner filed a response and cross-motion to affirm, (ECF Nos. 23, 25)[2], and Whiteley filed a reply to the response and a response to the cross-motion. (ECF Nos. 26, 28.)[3] Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 14), the Court concludes the Commissioner's finding that Whiteley could perform other work that exists in significant numbers in the national economy was supported by substantial evidence. Therefore, the Court denies Whiteley's motion for remand, (ECF No. 20), and grants the Commissioner's cross-motion to affirm. (ECF No. 23.)

///

///

---

[1]　Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]　ECF Nos. 23 and 25 are identical documents.

[3]　ECF Nos. 26 and 28 are identical documents.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      STANDARDS OF REVIEW

### A.      Judicial Standard of Review

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." (*Id.*)

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

**B.    Standards Applicable to Disability Evaluation Process**

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to

the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the

intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin*., 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.     CASE BACKGROUND

### A.     Procedural History

Whiteley applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on June 1, 2017, with an alleged disability onset date of April 24, 2017. (AR 22, 257-271.) Whiteley's application was denied initially on December 19, 2017, and

upon reconsideration on December 6, 2018. (AR 22, 100, 114, 136, 154.) Whiteley subsequently requested an administrative hearing and on June 5, 2020, Whiteley and her attorney appeared at a telephonic hearing before an ALJ. (AR 41-86.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on July 15, 2020, finding that Whiteley was not disabled because she could perform other work that exists in significant numbers in the national economy. (AR 19-38.) Whiteley appealed, and the Appeals Council denied review. (AR 1-6.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Whiteley filed a complaint for judicial review on April 26, 2021. (*See* ECF No. 1.)

**B.    ALJ's Decision**

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 19-38.) Ultimately, the ALJ disagreed that Whiteley has been disabled from April 24, 2017, the alleged onset date, through March 31, 2019. (AR 31-32.) The ALJ held that, based on Whiteley's RFC, age, education, and work experience, Whiteley could perform other work that exists in significant numbers in the national economy. (AR 25-26.)

In making this determination, the ALJ started at step one. Here, the ALJ found Whiteley had not engaged in substantial gainful activity between April 24, 2017, and March 31, 2019, the requested closed period. (AR 25.) At step two, the ALJ found Whiteley had the following severe impairments: adjustment disorder with mixed anxiety and depressed mood with agoraphobic, post-traumatic and somatization features, anxiety, depression, obesity, right eye disorder, idiopathic intracranial hypertension, and pseudotumor cerebri. (AR 25.) At step three, the ALJ found Whiteley did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 25.)

///

Next, the ALJ determined Whiteley has the RFC to perform light work as defined by 20 CFR 404.1567(b) and 416.967(b), except:

> she could have only a "moderate" exposure to noise as described in the Selected Characteristics of Occupations. She could occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. She could frequently balance and occasionally stoop, kneel, crouch and crawl. She could never be exposed to heights and only occasionally work around moving machinery. She could perform routine and repetitive tasks.

(AR 26.)

The ALJ found Whiteley's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Whiteley's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 28.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Whiteley's credibility. (AR 26-30.) The ALJ then determined that Whiteley is not capable of performing past relevant work, as a sorter-pricer, assistant manager in retail, material handler, warehouse worker, and cocktail waitress, as actually or generally performed. (AR 30-31.)

Relying on the testimony of the VE, the ALJ determined Whiteley's age, education, work experience, and RFC would allow her to perform other occupations existing in significant numbers in the national economy, such as: marker, cleaner in housekeeping, or router. (AR 30-31.) Accordingly, the ALJ held Whiteley had not been under a disability during the requested closed period, April 24, 2017, through March 31, 2019, and denied Whiteley's claim. (AR 32-33.)

## III.   ISSUE

Whiteley seeks judicial review of the Commissioner's final decision denying DIB and SSI under Titles II and XVI of the Social Security Act. (ECF No. 20.) Whiteley raises the following issues for review: Whether the ALJ properly evaluated Whiteley's: (1) intracranial hypertension; and (2) limitations associated with her "concededly moderate" limitations in concentration, persistence, and pace in determining her RFC. (*Id.* at 10-19.)

1    **IV.   DISCUSSION**

2          The issue in this case centers upon whether there is substantial evidence in the

3    record to support the ALJ's determination of Whiteley's RFC in the evaluation of two

4    aspects of Whiteley's alleged disabling conditions. Each will be discussed in turn.

5          First, Whiteley argues the ALJ did not account for the most limiting symptom of her

6    intracranial hypertension: her ongoing headaches. (ECF No. 20 at 10.) Specifically,

7    Whiteley alleges the ALJ failed to account for the time off task or absence she experienced

8    due to the headaches and provided erroneous grounds for dismissing the headaches. (*Id.*

9    at 12-13.) Whiteley argues the ALJ relied "heavily and impermissibly on objective testing"

10   when dismissing the headaches. (*Id.* at 13.)

11         In response, the Commissioner asserts that, in determining the disabling limitations

12   of Whiteley's headaches, the ALJ relied on multiple medical opinions from professionals

13   who had access to Whiteley's entire medical record. (ECF No. 25 at 10; AR 95-97, 109-

14   111, 132-34, 150-52.) Nurse practitioner Braddix documented that Whiteley suffers from

15   migraines that occur at least twice weekly, but still found she could perform a range of light

16   work and that standard breaks and lunch periods would provide sufficient relief to allow

17   work for eight hours. (AR 778, 784.) Doctors Chahal and Arnow had access to Braddix's

18   report when making their evaluations, as well as Whiteley's reported subjective complaints

19   and headache questionnaire. (AR 92-93, 97, 106-107, 111, 127-128, 133, 145-146, 151.)

20   While the ALJ does not elaborate on the issue of headaches specifically, he concludes

21   that the medical records cited (2F, 3F, 4F, 5F, 9F, 11F, 15F) "show the claimant's

22   impairments improved with proper treatment and medication management and did not

23   prevent her from performing all work during the requested closed period." (AR 29.)

24         Under the substantial evidence test, this Court must determine whether the

25   Commissioner's findings are supported from inferences reasonably drawn. *Batson*, 359

26   F.3d at 1193.) Because the opinions of non-treating or non-examining physicians may

27   serve as substantial evidence when the opinions are consistent with independent clinical

28   findings or other evidence in the record, the ALJ properly relied on the evaluations by

8

1   Doctors Chahal and Arnow in evaluating Whiteley's RFC. *Thomas v. Barnhart*, 278 F. 3d

2   947, 957 (9th Cir. 2002.) Even if the evidence could be rationally interpreted in another

3   way, the decision of the ALJ must be upheld. *Orteza,* 50 F.3d at 749.

4   Turning to the second issue, Whiteley alleges the ALJ did not properly include

5   Whiteley's "concededly moderate" limitations in concentration, persistence, and pace.

6   (ECF No. 20 at 16.) The Commissioner asserts that the RFC assessed by the ALJ did

7   incorporate Whiteley's limitations in concentration, persistence, and pace by limiting the

8   type and complexity of work she could perform. (ECF No. 25 at 15.)

9   In support of her argument, Whiteley cites *Lubin v. Comm'r of Soc. Sec. Admin.*,

10  which states the "ALJ must include all restrictions in the residual functional capacity

11  determination and the hypothetical question posed to the vocational expert, including

12  moderate limitations in concentration, persistence, or pace." 507 F. App'x 709, 712 (9th

13  Cir. 2013). However, the issue in *Lubin* was that the ALJ did not include the moderate

14  limitations in concentration, persistence, or pace residual functional capacity

15  determination *or* in the hypothetical question to the VE, and therefore "the expert's

16  testimony has no evidentiary value to support a finding that [the claimant] can perform jobs

17  in the national economy." *Id.* at 712 (citing *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th

18  Cir.1991).) Therefore, *Lubin* is distinguishable from the instant case because the ALJ did

19  include a restriction to work that is routine and repetitive in the hypothetical question posed

20  to the VE. (AR 81.)

21  The Ninth Circuit also found that "an ALJ's assessment of a claimant adequately

22  captures restrictions related to concentration, persistence, or pace where the assessment

23  is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v.*

24  *Astrue*, 539 F.3d 1169 (9th Cir. 2008) (citing *Howard v. Massanari*, 255 F.3d 577, 582 (8th

25  Cir. 2001) (where state psychologist both identified claimant as having deficiencies of

26  concentration, persistence or pace and pronounced claimant possessed the ability to

27  "sustain sufficient concentration and attention to perform at least simple, repetitive, and

28  routine cognitive activity without severe restriction of function," ALJ's hypothetical including

ability to perform "simple, routine, repetitive tasks" adequately, captured claimant's deficiencies in concentration persistence or pace.)); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (where ALJ's hypothetical incorporated concrete restrictions identified by examining psychiatrist regarding quotas, complexity, and stress, ALJ did not err in failing to include that claimant suffered from deficiencies in concentration, persistence, or pace.). The ALJ therefore properly relied on the VE's testimony because Whiteley's moderate limitations in concentration, persistence, and pace were accounted for in the hypothetical.

Because the ALJ reasonably relied on medical opinions in the record relating to Whiteley's headaches and included her limitations in concentration, persistence, and pace in the VE's hypothetical question, the Court finds there is substantial evidence in the record to support the ALJ's decision.

## V.   CONCLUSION

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was supported by substantial evidence and is free of legal error.

Accordingly, **IT IS THEREFORE ORDERED** that Whiteley's motion to remand (ECF No. 20) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 23) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED** this 21st day of October, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**